# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:11CR00026-004 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **DAMON DOCK, JR.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Before the court is a Motion for Recusal filed on behalf of the defendant. The Motion asks that I recuse myself because one of my recently hired law clerks is a former Assistant Federal Public Defender (AFPD) in this district. For the reasons that follow, I will deny the Motion.

I.

The defendant was sentenced by this court in 2012 after having been convicted by a jury of one count of conspiracy to distribute cocaine base. The defendant is currently serving a term of supervised release. On December 13, 2022, the defendant's probation officer petitioned the court to revoke this term of supervision. A supervised release revocation hearing is currently scheduled for February 28, 2023.

On January 9, 2023, two days after her employment ended with the Federal Public Defender's Office, I hired the law clerk who is the subject of the instant Motion. Prior to her current role, the law clerk served for four years as an AFPD in this district. Because of the law clerk's former employment, I walled her off from cases handled by the Federal Public Defender's Office, forbidding her from being involved in any of those matters.

The next day, on January 10, 2023, the Federal Public Defender currently serving this district, Juval O. Scott, emailed a letter to the Chief Judge of this court, with a copy to me.[1] In that letter, she requested that the Chief Judge transfer to other judges all matters assigned to me that involved her office. The Chief Judge responded by letter, explaining that my new law clerk was restricted from working on any matters handled by the Federal Public Defender's Office, which avoided a conflict of interest and the appearance of such a conflict. Unsatisfied, Ms. Scott replied to the Chief Judge, conveying her opinion that the isolation of my law clerk was insufficient.

A few days later the present Motion was filed, along with identical motions in eleven other cases.[2] It is asserted that the Federal Public Defender's Office is a

---

[1] This correspondence is part of the record of the hearing on the present Motion.

[2] Although the motions and supporting briefs were filed by an assistant federal public defender, and the assistant appeared at the hearing on the Motion, the arguments by

collaborative environment in which cases are discussed amongst employees and case information is accessible by all. It is alleged that my new law clerk served in a leadership capacity within the office until September 2022. In short, it is contended that that my law clerk had access to confidential and privileged client information and that my employ of her would thus cause a reasonable person to doubt my impartiality. Counsel also criticizes the fact that I did not notify Ms. Scott of my hiring decision or inform her of the details regarding my law clerk's role in chambers. It is contended that the hiring shortly after the law clerk's departure from the public defender's office, and without notice, "gives the appearance of a court hostile to the federal public defender office." Def.'s Mem. Supp. 10, ECF No. 605. It is not asserted that there might be an appearance of any so-called hostility toward the defendant.[3]

A hearing on the Motion was held on February 2, 2023, at which the government expressed its opposition to the Motion and the other eleven identical motions. The government, citing to numerous legal authorities regarding law clerk

---

the assistant generally follow the contentions Ms. Scott made in her correspondence with the Chief Judge.

[3] It is argued that the Court's hiring of a former AFPD might cause discomfort to clients of the public defender's office because its lawyers must appear detached from the perceived "corrupt system." *Id.* at 5.

conflicts, contends that a law clerk's isolation eliminates the appearance of any conflict or impartiality.

## II.

It is argued that 28 U.S.C. § 455(a) mandates recusal. That statute provides as follows: "Any . . . judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The same language is echoed in Canon 3(C)(1) of the Code of Conduct for United States Judges, *reprinted in* 175 F.R.D. 363, 368.

The standard for disqualification is an objective one. *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998). The critical issue is not whether the judge is impartial in fact, but whether one "might reasonably question his impartiality on the basis of all the circumstances." *Id.* (internal quotation marks and citation omitted). The hypothetical reasonable person is a well-informed observer who assesses all those circumstances. *Id.* at 286. As the Fourth Circuit has opined, judges must be mindful that they may view conflicts as being more harmless than an outsider would. *Id.* Nonetheless, assertions that are "unsupported, irrational, or [that amount to] highly tenuous speculation" do not require recusal because Congress did not intend for the disqualification statute to give litigants veto power over the assignment of judges. *Id.* (citation omitted).

Moreover, it is well-established that a law clerk's conflict is not generally imputed to the judge. *Id.* at 286 n.2. A law clerk does not exercise discretion and acts only in service of the supervising judge. *Ohio Valley Env't Coal. v. Fola Coal Co.,* 120 F. Supp. 3d 509, 514 n.4 (S.D.W. Va. 2015). In other words, "[b]oth bench and bar recognize . . . that judges, not law clerks, make the decisions." *In re Allied-Signal Inc.*, 891 F.2d 967, 971 (1st Cir. 1989). Consequently, the isolation of the law clerk from the cases in which she has a conflict is usually the proper remedy. *Worthham v. Karstadtquelle AG (In re Nazi Era Cases)*, 153 F. App'x 819, 826 (3d Cir. 2005) (unpublished); *United States v. Reggie*, No. 13-111-SDD-SCR, 2014 WL 1664256, at *2 (M.D. La. Apr. 25, 2014).

Of course, that is not to say that a judge's recusal from a case is never required when a law clerk's conflict is at issue. For example, when a law clerk was at one point a member of a plaintiff class, had expressed her opinion on the merits of the case prior to her work as a clerk, had accepted employment with plaintiffs' counsel's firm before judgment in the case was rendered, had participated in the pretrial proceedings, and had drafted case-related memoranda for the judge, the appearance of partiality was present and required recusal. *Hall v. Small Bus. Admin.*, 695 F.2d 175, 176–77 (5th Cir. 1983). But the present circumstances are very different since

my law clerk has been walled-off from this case and all other public defender matters.[4]

Furthermore, this situation creates even less of a basis for an imputable conflict than those present in the multitude of cases in which courts have found recusal to be unnecessary. *DeTemple*, 162 F.3d at 286 n.2 (finding that the marriage of judge's law clerk to a prosecutor in the case did not provide a basis for recusal in part because the judge ensured the clerk did not work on the case); *United States v. Martinez*, 446 F.3d 878, 883 (8th Cir. 2006) (holding that the district court did not abuse its discretion in denying a motion to recuse involving a law clerk who formerly prosecuted the case but was screened from the case with the exception of ministerial duties); *United States v. Ruff*, 472 F.3d 1044, 1046–47 (8th Cir. 2007) (denying a motion to recuse involving a law clerk who formerly prosecuted the case when judge screened the law clerk from his criminal docket and did not allow the law clerk to work on the case or to otherwise discuss it).

I note that many of the opinions to which the defendant cites do not involve law clerk conflicts, and for those that do, they belie the defendant's position. *DeTemple*, 162 F.3d at 286 n.2 (discussed above); *Mathis v. Huff & Puff Trucking*,

---

[4] These are facts known before the Motion was filed because of Ms. Scott's correspondence with the Chief Judge.

*Inc.*, 787 F.3d 1297, 1313 (10th Cir. 2015) (finding recusal unnecessary in large part because the law clerk with the potential conflict did no substantive work on the case).

Furthermore, the defendant cites to no authority to support the contention that a conflict is created because I did not discuss with Ms. Scott my hiring decision or the extent of my law clerk's role in chambers, nor is it explained how a reasonable and informed observer could interpret my hiring decision as demonstrating hostility to the public defender's office. If there is no conflict, there is no need for informed waiver. *See* 28 U.S.C. § 455(e). As noted, Ms. Scott knew my law clerk would be screened from this case prior to the filing of this Motion but considered that fact irrelevant.

Considering the undisputed facts and the overwhelming weight of precedent controverting counsel's arguments, I find it difficult to construe the Motion "as anything more than a trivial and tangential waste of judicial resources." *Ohio Valley Env't Coal.*, 120 F. Supp. 3d at 514 n.4.

III.

Accordingly, it is **ORDERED** that the Motion for Recusal, ECF No. 603, is DENIED.

ENTER: February 7, 2023

/s/  JAMES P. JONES
Senior United States District Judge